UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| ARLETTE THOMAS | CIVIL DOCKET NO. 6:25-cv-00344 |
| VERSUS | JUDGE DAVID C. JOSEPH |
| WAL-MART LOUISIANA, LLC | MAGISTRATE JUDGE CAROL B. WHITEHURST |

## MEMORANDUM RULING

Before the Court is a MOTION FOR SUMMARY JUDGMENT (the "Motion") filed by Defendant Wal-Mart Louisiana, LLC (hereinafter, "Defendant" or "Walmart"). [Doc. 17]. Arlette Thomas (hereinafter, "Plaintiff") failed to file an Opposition. For the following reasons, Defendant's Motion is GRANTED.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This lawsuit arises out of a slip and fall that occurred on February 14, 2024, at a Walmart located at 1205 East Admiral Drive, New Iberia, Louisiana. [Doc. 17-6, p. 1]. Plaintiff claims that she was walking down an aisle in the Walmart store when she slipped and fell after stepping in a puddle of a wet, slippery substance on the floor. [Doc. 1, pp. 1–2]. Video surveillance of the incident was captured. [Doc. 17-7, *see* manual attachment].

On February 11, 2025, Plaintiff filed suit in the 16th Judicial District Court for Iberia Parish, asserting negligence claims under the Louisiana Merchant Liability Act ("LMLA"), La. R.S. 9:2800.6. [Doc. 1-2]. Defendant removed the matter to this Court on March 19, 2025, on the basis of diversity jurisdiction. [Doc. 1].

On December 23, 2025, Defendant filed the instant Motion. [Doc. 17]. Defendant contends that Plaintiff cannot establish an essential element of her LMLA claim, specifically that Defendant: (i) created the puddle; or (ii) had actual or constructive notice of the puddle's existence prior to Plaintiff's accident. [Doc. 17-1]. Plaintiff failed to file a response to Defendant's Motion. As Plaintiff's response deadline has passed, the Motion is ripe for ruling.

<u>**SUMMARY JUDGMENT STANDARD**</u>

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Hefren v. McDermott, Inc.*, 820 F.3d 767, 771 (5th Cir. 2016), *quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson,* 477 U.S. at 248.

The movant bears the burden of demonstrating the absence of a genuine dispute of material fact but need not negate every element of the nonmovant's claim. *Hongo v. Goodwin*, 781 F. App'x 357, 359 (5th Cir. 2019), *citing Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010). If the movant meets this burden, the burden then shifts to the nonmovant who is required to "identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim."

*Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004). However, summary judgment cannot be defeated through "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." *Acker v. Gen. Motors, L.L.C.*, 853 F.3d 784, 788 (5th Cir. 2017), *quoting Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

In applying this standard, the Court should construe "all facts and inferences in favor of the nonmoving party." *Deshotel v. Wal-Mart La., L.L.C.*, 850 F.3d 742, 745 (5th Cir. 2017); *see also Anderson*, 477 U.S. at 255 ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."). The motion for summary judgment should be granted if the non-moving party cannot produce sufficient competent evidence to support an essential element of its claim. *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

## LAW AND ANALYSIS

Here, the Plaintiff has failed to file an opposition to the instant Motion. Nevertheless, it is improper to simply grant the instant Motion as unopposed. *See, e.g., Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 806 (5th Cir. 2012); *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) (per curiam); *John v. State of La. (Bd. of Trs. for State Colls. and Univs.)*, 757 F.2d 698, 709 (5th Cir. 1985). Rather, the Court has reviewed the available evidence in the record to determine whether there is a genuine dispute of fact as to any essential element of the Plaintiff's claims. If not, the Defendant is entitled to summary

judgment.  *See Clifton v. Famous Bourbon Mgmt. Grp., Inc.,* 762 F. Supp. 3d 480, 488 (E.D. La. Jan. 15, 2025)*, citing Servicios Azucareros*, 702 F.3d at 806.

## I.    Louisiana's Merchant Liability Act

In a diversity case such as this one, federal courts apply state substantive law. *Moore v. State Farm Fire & Cas. Co.*, 556 F.3d 264, 269 (5th Cir. 2009); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).  Here, Plaintiff's claims against the Defendant for her alleged injuries are governed by the LMLA.  The LMLA imposes a duty of care on a merchant to those lawfully on its premises "to keep the premises free of any hazardous conditions which reasonably might give rise to damage."  La. R.S. 9:2800.6(A).  When a negligence claim is brought against a merchant based on injuries sustained in a fall caused by a condition on the merchant's premises, a plaintiff bears the burden of proving the existence of a hazardous condition and that:

1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable;

2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and

3) The merchant failed to exercise reasonable care.

La. R.S. 9:2800.6(B).

Importantly, a plaintiff bears the burden of proof as to each of these three elements.  Indeed, "[t]he burden of proof does not shift to the defendant at any point, and failure to prove any one of these elements negates a plaintiff's cause of action." *Melancon v. Popeye's Famous Fried Chicken*, 59 So. 3d 513, 515 (La. App. 3d Cir.

2011), *citing White v. Wal-Mart Stores, Inc.*, 699 So. 2d 1081 (La. 1997); *Ferrant v. Lowe's Home Ctrs., Inc.*, 494 F. App'x 458, 460 (5th Cir. 2012).

## II.   Plaintiff Presents No Evidence That Defendant Created or Had Actual or Constructive Notice of the Condition

Under La. R.S. 9:2800.6(B), a plaintiff must demonstrate that "[t]he merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence." Plaintiff does not contend and has not submitted evidence showing that Defendant created the condition. *See* [Doc. 1-2, pp. 2–3]. Instead, Plaintiff asserts in her Petition that Defendant had actual or constructive notice of the condition. *See* [*Id.*]. But Defendant argues that Plaintiff has failed to demonstrate Defendant's actual or constructive notice. [Doc. 17-1]. Thus, according to Defendant, there is no genuine dispute of material fact, and Defendant is entitled to judgment as a matter of law. [*Id.*].

### A.   Plaintiff Cannot Show Actual Notice of the Condition

Here, Plaintiff has presented no summary judgment evidence that Defendant had actual notice of the existence of the allegedly hazardous condition that caused Plaintiff to fall. Plaintiff stated in her deposition that she did not know how the substance got on the floor, how long it had been there, whether any other customers had slipped on the substance, or whether any of Defendant's employees knew about the substance before Plaintiff's fall. [Doc. 17-4, pp. 10–11]. And the surveillance video does not indicate any incidents prior to Plaintif's fall that would have alerted Defendant's personnel. [Doc. 17-7, *see* manual attachment]. Nor is there any other relevant evidence in the record indicating that Defendant had actual notice of the

Page 5 of 8

condition.   Thus, there is no genuine dispute of material fact regarding whether Defendant had actual notice of the existence of the allegedly hazardous condition on the floor.

### B.    Plaintiff Cannot Show Constructive Notice of the Condition

A plaintiff demonstrates constructive notice when "the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." La. R.S. 9:2800.6(C)(1).  Importantly, "[t]he statute does not allow for the inference of constructive notice absent some showing of this temporal element."  *White*, 699 So. 2d at 1084.  Thus, "a simple showing that the condition existed is insufficient for a finding of liability and recovery." *Zeringue v. Wal-Mart Stores, Inc.*, 62 So. 3d 276, 279 (5th Cir. 2011).  So "'[m]ere speculation or suggestion' is not sufficient to [show constructive notice]." *Bagley v. Albertsons, Inc.*, 492 F.3d 328, 330 (5th Cir. 2007), *quoting Allen v. Wal-Mart Stores, Inc.*, 850 So. 2d 895, 898 (La. App. 2d Cir. 2003).  Consequently, "courts will not infer constructive notice … where the plaintiff's allegations are 'no more likely than any other potential scenario.'" *Id.*, *quoting Allen*, 850 So. 2d at 899.

Here, the record does not contain any evidence that the substance existed for some time prior to Plaintiff's fall.  Plaintiff testified that she did not know how the substance spilled on the floor, how long it had been there, or whether any of Defendant's employees knew about the condition prior to Plaintiff's fall. [Doc. 17-4, pp. 10–11].  And the video surveillance does not even show a substance on the floor,

much less how long it may have been there.  [Doc. 17-7, *see* manual attachment].  Nor is there any other evidence in the record that is probative as to this issue.

Thus, there is insufficient evidence to create a genuine dispute of material fact as to whether Defendant had constructive notice of the hazardous condition.  *See Donaldson v. Sam's E., Inc.,* 2021 WL 4898724, at *4, *quoting White,* 699 So. 2d at 1082 (finding plaintiff could not survive summary judgment on constructive notice theory because plaintiff failed to "come forward with positive evidence showing that the damage-causing condition existed for some period of time, and that such time was sufficient to place the merchant defendant on notice of its existence"); *Mills v. Cyntreniks Plaza, L.L.C.,* 182 So. 3d 80, 84 (La. App. 1st Cir. 2015) (no constructive notice when witnesses did not know how condition came to be on the floor, how long it was present, or see anyone drop anything).

Accordingly, Defendant is entitled to summary judgment because there is no genuine dispute of material fact as to the second element of Plaintiff's LMLA claim. The Court need not analyze the remaining elements of the LMLA to find that summary judgment is appropriate in this case.  *See Peterson v. Brookshire Grocery Co.,* 751 F. App'x 533, 535 (5th Cir. 2018), *quoting White*, 699 So. 2d at 1086.

## CONCLUSION

For the foregoing reasons, the Court finds that there is no genuine dispute of material fact, and the Defendant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56.

Accordingly,

IT IS HEREBY ORDERED that Defendant's MOTION FOR SUMMARY JUDGMENT

[Doc. 17] is GRANTED.

THUS, DONE AND SIGNED in Chambers on this 28th day of January 2026.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE